IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00417-BO

| | |
|---|---|
| NIKITA BLUMENSHINE, guardian ad litem for O.B., a minor,<br><br>*Plaintiff,*<br><br>v.<br><br>VANCE COUNTY BOARD OF EDUCATION, a governmental entity of the State of North Carolina; EDWARD ORTEGA, in his official and individual capacity as Principal of STEM Early High School; NORDIA MCLAUGHLIN, in her individual capacity; and DAVID MURRAY in his individual capacity,<br><br>*Defendants.* | **ORDER** |

THIS MATTER is before the Court on the parties' Consent Motion for a Protective Order. For good cause shown, the Motion is GRANTED.

IT IS HEREBY ORDERED THAT:

1. Upon proper request pursuant to state and federal law, the Federal Rules of Civil Procedure and the local rules of this Court, the Parties may request and obtain confidential information in this lawsuit subject to the provisions set forth below.

2. All records and information which are maintained by law or policy in the personnel files of current or former employees of the Vance County Board of Education (the "Board") that are provided to any party in the above-captioned case shall be covered by the terms of this Protective Order. Such documents and information shall be

1

deemed confidential without any further action by any party unless the parties or attorneys mutually agree that any particular document or item of information is expressly designated as non-confidential. Confidential documents shall not include documents obtained by the parties under the North Carolina Public Records Act, N.C. Gen. Stat. Chapter 132.

3. All documents and information relating to current or former students enrolled in the Vance County Schools which are provided by the Board or its agents, attorneys, or employees to any party as part of discovery in the above-captioned case shall be covered by the terms of this Protective Order. Such documents shall be deemed confidential without any further action by any party unless the parties or attorneys mutually agree that any particular document or item of information is expressly designated as non-confidential. The Board shall comply with FERPA, 20 U.S.C. § 1232(g), and its implementing regulations, which require reasonable efforts to provide notice to parent(s) or eligible student(s) so that the parent or eligible student may seek protective action prior to such production.

4. Any information subject to this Protective Order shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL, PROTECTIVE ORDER," or a comparable notice.

5. In the absence of written permission from the entity maintaining the information subject to this Protective Order or an order by this Court, such information shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) the

parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (v) witnesses who may see their own personnel records or school records; and (vi) court-appointed mediators or any mediator agreed to by the parties. Except as may be otherwise provided by further order of this Court, any confidential information subject to this Protective Order, as well as the matters contained therein and extracts and summaries thereof, shall be used solely for the purpose of prosecuting or defending this action and shall be disclosed only to the persons identified in this paragraph.

6. Absent a court order authorizing disclosure, no one subject to this Protective Order shall make public or disclose confidential documents or information to anyone other than the persons listed in paragraph 5, provided that nothing herein shall preclude a witness, attorney, or the Court from reading aloud or discussing the contents of a confidential document in open court or at depositions. The terms of this Protective Order shall apply to all persons listed in paragraph 5, and counsel who grant any such person access to confidential documents or information shall have an affirmative duty to furnish the person with a copy of this Protective Order. Individuals permitted access to confidential documents or information are hereby ordered not to convey or otherwise reveal said information or documents — whether originals or copies, in whole or in part — to anyone who would not otherwise have access to them under this Protective Order.

7. Making confidential materials or documents available for inspection, and the production of confidential information, materials or documents, shall not constitute a waiver by the parties of any claim of confidentiality, and the production of such information, materials or documents shall not be considered as an acknowledgment that the information, materials or documents may be admissible into evidence at the trial of this action, nor constitute a waiver of any objection that a party may have to the admissibility of information, documents, or materials.

8. Nothing in this Protective Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

9. Parties seeking to file or maintain under seal any documents labeled "CONFIDENTIAL" in accordance with the provisions of this Protective Order shall comply with the provisions of Local Civil Rule 79.2.

10. If confidential information obtained in accordance with this Protective Order is disclosed to any person or in any manner not authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the Court and opposing counsel, and without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further unauthorized disclosure.

11. Each party retains the right to challenge the confidential designation of any particular document and to have the Court determine its proper designation.

12. Upon the conclusion of this litigation, all confidential information subject to the provisions of this Protective Order (including any copies made and/or computer materials made or stored) shall be subject to a final order of this Court.

13. This Order is entered without prejudice to any party seeking further orders from the Court regarding the additional disclosure of, or restriction of, confidential information.

14. This Order may be revoked or modified upon written stipulation of the parties, subject to the approval of the Court.

This the __6__ day of May, 2025.

                                      _____
                                      TERRENCE W. BOYLE
                                      UNITED STATES DISTRICT JUDGE